IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, # K-83253, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-530-MJR |
| ) | |
| ILLINOIS DEPARTMENT ) | |
| of CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He asserts claims against the current and former Directors of the Illinois Department of Corrections (IDOC"), staff of the IDOC's Administrative Review Board ("ARB"), and various officials at three prisons where he was formerly confined: Hill Correctional Center ("Hill"), Big Muddy River Correctional Center ("BMRCC"), and Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is serving two 30-year sentences for two criminal sexual assault convictions.

Plaintiff claims that he has been denied hygiene supplies, clean clothing, and the ability to correspond with persons outside prison, some of which was in retaliation for his activity of filing grievances and lawsuits. He also complains that his prison trust fund money has been improperly confiscated. Recognizing that the incidents he complains of date back to 2006 through 2010, he has filed a "motion for leave to file late complaint" (Doc. 4).

The specific allegations of the complaint are as follows. Plaintiff was incarcerated at Hill from May 2006 until 2008 (Doc. 1, p. 4). In May 2006, Plaintiff was unable

to purchase supplies from the commissary because his account had a negative balance. He alleges that Hill officials had "illegally confiscated all [his] state pay." *Id*. Plaintiff requested indigent supplies from Defendant Jefferson (counselor) and from the warden without success. His grievance over the confiscation of his funds was denied by Defendant Pampel (grievance officer), and the denial was maintained by Defendants Jackie Miller (ARB) and Walker (former IDOC Director). For the entire two-year period Plaintiff was incarcerated at Hill, the only hygiene supplies he received consisted of two razors, two bars of soap, one small stick of deodorant, one toothbrush, and less than two ounces of toothpaste. He received no denture cleaner, dental floss or "write-outs" (for personal correspondence) (Doc. 1, p. 5).

After his transfer to BMRCC, on May 9, 2008, he requested indigent supplies from Defendant John Doe #1 (clothing room supervisor). His request was denied because he was "not indigent" (Doc. 1, p. 5). He eventually received small amounts of toothpaste, deodorant, and laundry soap, but these were insufficient (Doc. 1, pp. 5-6). Plaintiff's grievances to Defendant Miller (BMRCC counselor) yielded no response. Defendant Asbury (counselor) responded that Plaintiff was not considered indigent. Other grievances over the amounts of his supplies were denied by Defendants Sanders (grievance officer), Evans (warden), Benton (ARB), and Randle (former IDOC Director). During Plaintiff's time at BMRCC from May 2008 until June 2010, he was provided a maximum of one bar of soap, one toothbrush, one razor, one packet of laundry detergent and one tube of toothpaste per month. He was not given any deodorant, shampoo, denture cleaner, floss, or personal correspondence supplies (Doc. 1, p. 6).

On June 25, 2010, after being moved to Pinckneyville, Plaintiff requested indigent supplies but was told he was not on the "indigent list." *Id.* He filed a grievance, to which Defendant Lutz (counselor) replied that he must be without funds for 60 days in order to be

placed on the list. Ultimately, the grievance was ruled moot on August 25, 2010, because he was on the indigent list by that time. However, Plaintiff filed another grievance complaining that as an indigent, he was given only two 0.6 ounce tubes of toothpaste per month, no shampoo, no deodorant, and no personal correspondence supplies (Doc. 1, p. 7).

Plaintiff asserts that the denial of hygiene and correspondence supplies has been "systemic and ongoing" since 2006 in the various institutions where he has been confined (Doc. 1, p. 10). Because Plaintiff suffers from periodontal gum disease, he claims the lack of adequate dental hygiene items (as well as inadequate dental care, which he does not detail here) has caused him to lose numerous teeth. *Id*.

Plaintiff further complains that while he was at Pinckneyville, he was on "C-Grade" status for approximately nine months, during which time he was not allowed to use the telephone to contact people outside prison. Because he could not purchase "write-outs"[1] and the prison refused to supply them with his indigent packets, he asserts he was denied his First Amendment right to maintain contact with persons in the outside world. This denial of correspondence supplies had continued for over 50 months, since Plaintiff's time at BMRCC (Doc. 1, pp. 37-38). Plaintiff's grievances over this issue were denied, with the final response noting in error that Plaintiff had been given supplies for correspondence with each indigent bag (Doc. 1, p. 36). While Plaintiff could get limited supplies of paper, envelopes and pen from the library, the use of those items was restricted to legal correspondence (Doc. 1, p. 7). It appears that Plaintiff's most recent grievance activity over this issue was in December 2010 (Doc. 1, p. 8).

In his motion for leave to file a late complaint, Plaintiff asserts that his inability to

---

[1] The complaint is not clear on whether Plaintiff was unable to purchase writing supplies because of lack of funds, or because the C-Grade rules prohibited such a purchase (Doc. 1, p. 7).

file the instant claims earlier was due to the refusal of prison officials to give him access to the law library or to his legal materials and research notes (Doc. 4). Plaintiff does not, however, seek to bring a claim for denial of access to the courts in the instant case. Instead, he has brought a separate action, *Owens v. Illinois Department of Corrections, et al.*, Case No. 13-cv-594 (S.D. Ill. filed June 21, 2013), to pursue that claim.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1:** Eighth Amendment claim for deprivation of basic hygiene supplies against:

A) Hill Defendants Jefferson and John Doe Warden of Hill;[2]

B) BMRCC Defendants John Doe #1 clothing officer, John Doe #2 counselor, Miller, Asbury, and Evans;

C) Pinckneyville Defendant Davis (warden).

Count 1 shall proceed against the Defendants to whom Plaintiff directed his requests for supplies, and against the wardens, who appear to have been responsible for determining what hygiene items and quantities would be supplied to indigent prisoners.

**Count 2:** First Amendment claim for denial of all means to have contact with persons outside the prison, for the period Plaintiff was on C-Grade in Pinckneyville, against Defendant Davis. The C-Grade restrictions on telephone contact are not per se unconstitutional. Rather, the

---

[2] Plaintiff did not identify or list the Warden of Hill among the Defendants, but he asserts a claim against him in the body of the complaint (Doc. 1, p. 11). Therefore, the Clerk shall be directed to add the warden as a party.

complaint states that the ongoing denial of writing supplies, combined with the C-Grade restrictions, resulted in a complete inability to contact those on the outside for approximately nine months. This claim merits further review.

**Count 3:** Retaliation claim for denial of correspondence supplies after Plaintiff filed grievances and civil actions complaining about the named Defendants and other IDOC officials, against:

A) Hill Defendants Jefferson, Pampel, and John Doe Warden of Hill;

B) BMRCC Defendants John Doe #1 and Sanders;

C) Pinckneyville Defendants Dean, Lutz, Frittz, and Davis.

**Count 4:** Retaliation claim against BMRCC Defendants Miller, Asbury, Sanders, and Evans, for denying Plaintiff adequate clean clothing for over two years after he filed grievances against them.

The claims enumerated above involve three groups of Defendants associated with different prisons, some of whom (the Hill Defendants) are located in the Central District of Illinois. These claims may be subject to severance into separate actions pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). However, Federal Rule of Civil Procedure 20 allows several defendants to be joined in a single action if the claim against them arises out of the same series of transactions or occurrences, and if it involves a question of fact or law common to all defendants. Plaintiff has alleged that the actions he complains of are part of a "systemic and ongoing"

practice within the IDOC, an allegation that the Court must accept as true when conducting a § 1915A merits review. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). Further, at this stage, it appears that common questions of law and fact will arise. Moreover, the question of whether this action was timely filed may be more efficiently resolved if addressed jointly in one action. The claims in Counts 1-4 shall be allowed to remain together in this action at this time. However, Plaintiff is advised that, depending on further developments in the case, they may be severed in the future.

### Defendant Godinez

Plaintiff is seeking injunctive relief, but does not include among the Defendants any officials associated with his current prison who would be responsible for carrying out any orders that might be issued by the Court. Therefore, Defendant Godinez (the current IDOC Director) shall remain in the action for the purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Claims to be Dismissed

The following allegations fail to state a constitutional claim upon which relief may be granted, and shall be dismissed:

**Count 5:** The "confiscation" of Plaintiff's trust account funds from his prison earnings in order to recover costs advanced by the prison.

An inmate does not have a constitutionally protected property or liberty interest in a prison job, *see DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000), nor does a prisoner have a constitutional right to compensation for working. *See Vanskike v. Peters,* 974 F.2d 806, 809 (7th

Cir. 1992). Moreover, while the prison is obligated to provide an inmate with access to the courts by advancing the funds to cover the costs of legal postage and copying legal materials, those advanced funds can be recouped when the inmate receives income to his trust fund account. *See Bounds v. Smith*, 430 U.S. 817 (1977); *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003) ("right to petition for redress of grievances does not imply a right to free writing paper and stamps."); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986) (legal postage costs can be deducted from inmate trust account); *see also* ILL. ADMIN. CODE, tit. 20, § 525.130(a) (2011) (indigent inmates are "permitted to send reasonable amounts of legal mail . . . at State expense if they attach signed money vouchers authorizing deductions of future funds to cover the cost of the postage."). Therefore, Plaintiff cannot complain about the prison taking his state pay to recoup such advanced costs.

Plaintiff relies on *Bihms v. Klevenhagen*, 928 F. Supp. 717 (S.D. Tex. 1996), for his argument that an inmate should be permitted to retain $15.00 in his trust account in order to purchase necessary personal items, even where the state is entitled to recoup money owed to it by the inmate (Doc. 1, p. 4). *Bihms* does not reflect the law of this Circuit, nor is it binding on this Court or the prison officials who rejected Plaintiff's grievance. Count 5 shall be dismissed with prejudice.

**Count 6:** Claims relating to the failure to investigate or respond to Plaintiff's grievances.

Defendants had no duty to investigate or even to respond to Plaintiff's grievance regarding the taking of his funds (Doc. 1, p. 11). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.

*Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Likewise, Plaintiff has no claim against Defendants who merely reviewed Plaintiff's grievances filed over the actions taken by others. This includes IDOC Director Defendants Godinez, Taylor, Randle, and Walker, and ARB Defendants Fairchild, Allen, Benton, Anderson, and Jackie Miller. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In addition, the IDOC Directors and other supervisors cannot be held liable for unconstitutional actions taken by their subordinates. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740. Count 6 shall be dismissed with prejudice.

**Count 7:** Claim against Defendants Lutz and Frittz for denying Plaintiff's grievance over not being placed on the Pinckneyville indigent list. Plaintiff was added to the indigent list after his grievance was filed, thus he obtained the relief he sought from them and has no claim. As noted above, they had no duty to "investigate" whether Plaintiff had been without funds for the required length of time at his prior prison. The question of whether Plaintiff received adequate supplies as a result of being found "indigent" is the subject of Counts 1 and 2. Count 7 shall also be dismissed with prejudice.

**Count 8:** Eighth Amendment claim for failure to provide Plaintiff with sufficient laundry detergent to wash his clothes at least once per week.

As noted above, at the pleading stage, Plaintiff states a retaliation claim in Count 4 for denial of clean clothes. However, his allegations do not indicate a deprivation sufficiently

grave as to independently violate the Eighth Amendment. Plaintiff does not claim that he suffered any serious harm from his inability to launder his clothes on a weekly basis, nor does it appear that Defendants had knowledge that Plaintiff faced a significant risk of harm as a result of their failure to give him more detergent.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to state a claim for unconstitutional deliberate indifference, an objectively serious deprivation must be involved. Further, the inmate must show that a prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Plaintiff's lack of sufficient laundry detergent falls more in the range of discomfort and inconvenience, which does not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986). Count 8 shall be dismissed with prejudice.

**<u>Defendant Illinois Department of Corrections</u>**

Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, the Illinois Department of Corrections shall be dismissed from the action.

**Pending Motions**

Plaintiff has filed a motion for preliminary injunction (Doc. 2) and a "complaint for injunctive relief" (Doc. 3). Both allege that Defendants have denied Plaintiff access to the law library, legal materials, and supplies, causing him to miss deadlines and have "numerous" state civil cases (which he does not describe further) dismissed. Plaintiff seeks an order requiring the IDOC and its employees to allow him five hours per week to access the law library and his excess legal property boxes, as well as provide him with copies and legal supplies (Doc. 3, p. 2).

At this time, Plaintiff is not under any deadlines with respect to the instant case, thus it is premature to consider such extraordinary relief. Both motions (Docs. 2 and 3) are **DENIED,** without prejudice to Plaintiff renewing his request in the event he faces further hindrances to his ability to respond to any future court deadlines or orders.

As to Plaintiff's motion for leave to file a late complaint (Doc. 4), the complaint (Doc. 1) has been filed by the Clerk to commence this action. For this reason, the Clerk is **DIRECTED** to **TERMINATE** the motion (Doc. 4). However, the Court reserves ruling on whether the complaint was timely filed with respect to the applicable two-year statute of limitations until such time as this issue may be raised by any Defendant.

**Disposition**

The Clerk is **DIRECTED** to add **UNKNOWN PARTY #3, WARDEN OF HILL CC** as a Defendant in this action.

**COUNTS 5, 6, 7, and 8** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **TAYLOR, RANDLE, WALKER,**

**FAIRCHILD, ALLEN, BENTON, ANDERSON,** and **JACKIE MILLER** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **GODINEZ, EVANS, DAVIS, DEAN, SANDERS, PAMPEL, JEFFERSON, MILLER (BMRCC Counselor), ASBURY, LUTZ,** and **FRITTZ**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Defendants (John Does #1, #2, and #3)  until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an

appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 1, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
